UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re CALIFORNIA PLAN, INC.,

Debtor.

Case No. 06-50442 MM
Chapter 7

## NOTICE OF COMPROMISE
(Coastal International Airways, Inc., and Seaborne Virgin Islands, Inc.)

TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, has entered into an agreement with Coastal International Airways and Seaborne Virgin Islands by which the Trustee will compromise her claims against them relating to transfers made by the Debtor to these two entities.

Coastal and Seaborne have agreed to pay the Trustee the cash sum of $435,000 and withdraw their $3 million claim against the estate in exchange for release of any claims the estate may have against them. In addition, the Trustee will cause the Debtor's wholly-owned subsidiary, Exchange Security Corporation, to surrender the shares (an 11.5 percent interest) it owns in Coastal International Airways. For the reasons below, the Trustee believes the shares in Coastal have no value.

The bankruptcy estate of Michael J. Schneider (Case No. 06-50441) is also in possession of 11.5 percent of the shares in Coastal and original promissory notes executed by Coastal or Seaborne in favor of Michael J. Schneider. The Trustee believes the notes executed in favor of Mr. Schneider are likely unenforceable and of *de minimus* or no value to the Schneider estate. By separate notice filed in the Schneider case, the trustee in the Schneider case is informing creditors in that case that she has agreed to release Coastal and Seaborne from claims that estate may have against them and surrender the 11.5 percent in shares in exchange for release by Coastal and Seaborne of claims they have against the Schneider estate. Counsel below will provide a copy of the notice in the Schneider case on request.

### BACKGROUND

Seaborne Virgin Islands operates a small airline based in the U.S. Virgin Islands. Seaborne is a wholly owned subsidiary of Coastal International Airways. Beginning no later than 2002, California Plan began making substantial transfers to Coastal, Seaborne, or to third parties for the benefit of Coastal and Seaborne. For example, the Debtor wired significant funds to escrows opened by Coastal or Seaborne for the purchase of aircraft. In addition, the Debtor wired money or sent checks to Coastal and Seaborne for operating expenses. The Debtor also wired money for other purposes, such as major aircraft repairs. The Trustee has established that the Debtor transferred at least $2.3 million to or for the benefit of Coastal and Seaborne. California Plan did not receive consideration for these transfers.

It is apparent that Michael Schneider believed he could obtain personal advantage from the Debtor's advances by requiring Coastal and Seaborne to execute promissory notes in his favor, rather than the Debtor's favor. The notes in favor of Mr. Schneider are deemed assets of the Michael Schneider estate. The California Plan Trustee continues to believe that the notes in favor of Mr. Schneider are not enforceable and are valueless.

# THE COMPROMISE

The Trustee has analyzed the merits of her claims against Coastal and Seaborne. She believes that her strongest claims are fraudulent conveyance actions under Section 548 of the Bankruptcy Code and Section 3439 et seq. of the California Civil Code. The Trustee believes she would prevail in litigation with Coastal and Seaborne and would obtain a judgment against them for recovery of transfers in the approximate amount of $2.3 million. The major question confronting the Trustee is whether a judgment against Coastal and Seaborne would be collectable. Based on information provided to her and her accountants under a strict confidentiality agreement (and the accuracy of which has been attested to under penalty of perjury), the Trustee has concluded that there are serious risks that the judgment could not be collected in any meaningful amount. The Trustee has also concluded that if she were to obtain a judgment against Coastal and Seaborne, the judgment would render both entities insolvent and thereby destroy any value that might exist in the Coastal shares held by the Debtor's subsidiary and the Schneider estate. Enforcement of a judgment might put the airline out of business entirely. The Trustee has concluded that the value of the shares is *de minimus* even now.

The Trustee is informed and believes that the source of the payment by Coastal and Seaborne are new shareholder loans and a cash reserve maintained by Coastal and Seaborne. Initially, Coastal and Seaborne proposed a settlement that required a down payment of $230,000 and an additional $245,000 in monthly installments over an 18-month period with the installment payments be "secured" by a stipulated judgment for $1 million. For business reasons, Coastal and Seaborne have concluded that they do not want to carry a liability to the bankruptcy estate on their books and a potential $1 million judgment as a contingent liability. They offered a single cash payment but requested a discount. The Trustee negotiated the discount and has reached agreement that Coastal and Seaborne will make a lump sum payment of $435,000 promptly after approval of the compromise. The Trustee believes the smaller lump sum payment is preferable to a $230,000 down payment and $245,000 installments over an 18-month period.

Approval or rejection of a compromise is within the court's discretion. In considering the approval of a proposed compromise, the court must take into account the following factors:

(1) The probability of success in the litigation;
(2) The difficulty, if any, to be encountered in collection;
(3) The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;
(4) The paramount interest of creditors and a proper deference to their reasonable views.

*In re A&C Properties*, 784 F. 2d. 1377, 1381 (9th Cir. 1986).

### Probability of Success

The Trustee is confident that there is a high probability she would succeed in litigation of her fraudulent conveyance claims against Coastal and Seaborne. The Trustee expects that Coastal and Seaborne would raise certain defenses based primarily on alleged conduct by Michael Schneider in defense of the action; however, the Trustee believes she would overcome those defenses. It is likely that Coastal and Seaborne would raise other defenses.

### Difficulty in Collection

As the Trustee has made clear in this notice, she anticipates great difficulty in collecting any judgment she might obtain against Coastal and Seaborne. First, she does not believe that Coastal or Seaborne have substantial cash assets or assets that could be readily liquidated if the Trustee were to levy against them. The Trustee is concerned that if she did levy against the assets of Coastal and Seaborne, they might not be able to continue their operations and might collapse in face of enforcement of a substantial judgment against them. The Trustee believes that the difficulty of collection is the most important factor in consideration of the proposed compromise.

Complexity, Expense, and Delay

The Trustee does not anticipate that the issues at trial would be exceedingly complex. However, the Trustee anticipates the need for much discovery, retention of expert witnesses on financial issues, and substantial litigation expense for the estate.

Paramount Interest of Creditors

By this notice, the Trustee is giving creditors the opportunity to express their views on this compromise. The Trustee believes the compromise is in the best interest of creditors because it is designed to ensure receipt of a substantial amount of funds and relatively small cost to the estate.

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the proposed compromise must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 requires an objecting party to file a written objection with the Clerk of the United States Bankruptcy Court, 280 South First Street, San Jose, California 95113, and to serve a copy on counsel for the Trustee at the address noted below **no later than 20 days** from the date of this notice. Rule 9014-1 also requires an objecting party to file and serve with its objection any legal memorandum and evidence (submitted by declaration) which it wants the Court to consider in support of its objection. If an objection is timely filed and served, counsel for the Trustee will obtain a hearing date and time and will provide the objecting party with at least 10 days notice of the hearing. If no objection is timely filed and served, the Trustee will request entry of an order authorizing the compromise without an actual hearing.

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to file documents electronically with the Bankruptcy Court should check the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

DATED: April 8, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Charles P. Maher
Counsel for Andrea A. Wirum, Trustee

Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

301020445.1